UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARMEN SULLIVAN,

       Plaintiff,

v.                                    Case No.  8:14-cv-2918-T-33TBM

RESOURCE SOLUTIONS TAMPA, INC.,

       Defendant.

_____/

### ORDER

This matter is before the Court pursuant to Defendant Resource Solutions Tampa, Inc.'s Motion for Leave to Amend its Answer (Doc. # 26), which was filed on March 10, 2015. Plaintiff Carmen Sullivan filed a Response in Opposition to the Motion on March 24, 2015. (Doc. # 36).  The Court grants the Motion as explained below.

## I.   Background

On November 21, 2014, Sullivan, a "marketing consultant," filed a Fair Labor Standards Act case against her former employer, Resource Solutions Tampa, Inc. ("RST"). (Doc. # 1 at ¶ 14).  Among other allegations, Sullivan claims that RST failed to pay overtime wages and minimum wages. RST filed a Motion to Dismiss the Complaint on January 6, 2015, (Doc. # 7), and Sullivan filed an Amended Complaint on January 20, 2015. (Doc. # 11).  The Court accordingly denied the Motion to Dismiss as moot on January 23, 2015. (Doc. # 12).  RST filed

its Answer and Affirmative Defenses to the Amended Complaint on February 10, 2015, enumerating four defenses. (Doc. # 14). At this juncture, RST moves to amend its Answer and Affirmative Defenses "to add the retail and service establishment exemption under § 207(i) of the Fair Labor Standards Act to its list of defenses." (Doc. # 26 at 1).

## II.  Discussion

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs amendments to pleadings beyond those amendments permitted as a matter of course.  That Rule specifies that "[t]he court should freely give leave when justice so requires." 15(a)(2), Fed. R. Civ. P.  In Foman v. Davis, 371 U.S. 178, 182 (1962), the Court enumerated factors that justify the denial of a request to amend a pleading: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." See also Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 761 (11th Cir. 1995)(confirming that the Foman factors apply in the context of a motion to amend an answer).

In this case, Sullivan claims that RST's proposed amendment should be denied on the grounds of futility. RST's

2

proposed Fifth Defense states:

> Defendant receives seventy-five percent of its annual dollar volume from the sales of goods or services that are not for resale and is recognized as a retail sales or services establishment in the industry.  Plaintiff's regular rate of pay is in excess of one and one-half times the minimum hourly rate applicable to her under section 206 of the Fair Labor Standards Act and more than half of her compensation for a representative period (not less than one month) represents commissions on goods or services.  Therefore, Plaintiff is exempt pursuant to 29 U.S.C. § 207(i) and she is not entitled to relief.

(Doc. # 26-1 at 5-6).

Sullivan asserts that the retail exemption is inapplicable here because RST "failed to keep the required time records needed to establish the exemption" and "the exemption cannot apply because more than half of Plaintiff's compensation for the (or any) representative time period was not commissions." (Doc. # 36 at 1).  In support of Sullivan's futility arguments, Sullivan tenders to the Court various items of evidence, including Sullivan's payroll documents, email exchanges, and Sullivan's declaration.  Sullivan acknowledges that some aspects of the retail exemption are "better suited for a dispositive motion." (Id. at n.1, 2).

The Court notes that this FLSA case is in its preliminary stages.  After complying with the terms of the Court's January 7, 2015, FLSA Scheduling Order (Doc. # 8), the parties filed

3

a Case Management Report (Doc. # 33) on March 16, 2015, and a Case Management hearing is set to take place on March 26, 2015. (Doc. # 23). The Court has not yet entered a Case Management and Scheduling Order setting forth the operative deadlines in this case, including the deadline for filing motions to amend the pleadings.  Sullivan suggests that this Court should deny RST the opportunity to amend its Answer based on Sullivan's limited evidence, which was gathered prior to the commencement of discovery.  The Court declines to do so.

In the typical case, amendment of a claim is deemed futile if the amended claim would still be subject to dismissal. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004).  Likewise, courts have found amendments to defenses to be futile if such defenses would "necessarily fail." See Bartronics, Inc. v. Power-One, Inc., 245 F.R.D. 532, 535 (S.D. Ala. 2007). In addition, "[b]ecause answers and affirmative defenses are not dismissed, traditionally, but rather stricken, in the context of affirmative defenses, the futility standard necessarily merges with the standard for striking defenses under Rule 12(f), Fed. R. Civ. P." Guarantee Ins. Co. v. Brand Mgmt. Serv., Inc., No. 12-cv-61670, 2013 U.S. Dist. LEXIS 119439, at (S.D. Fla. Aug.

4

22, 2013).

Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997).  Further, as stated in Florida Software Systems v. Columbia/HCA Healthcare Corp., No. 8:97-cv-2866, 1999 U.S. Dist. LEXIS 15294, at *4 (M.D. Fla. Sept. 16, 1999), "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."

In addition, courts may strike a defense if it has "no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." Ayers v. Consol. Constr. Servs. of SW Fla., Inc., 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike." Fla. Software Sys., 1999 U.S. Dist. LEXIS 15294, at *4.

While Sullivan's Response in Opposition to RST's Motion to Amend thoughtfully and thoroughly discusses the retail exemption and provides detailed analysis of the application of

that exemption in this case, this Court is not in a position to find that the exemption would "necessarily fail," or is otherwise subject to being stricken, especially considering RST's posited exemption against the touchstone of Rule 12(f), Fed. R. Civ. P.

In <u>Nationwide Mutual Insurance Company v. Nall's Newton Tire</u>, No. 14-cv-110, 2014 U.S. Dist. LEXIS 108598, at *5 (S.D. Ala. Aug. 7, 2014), the court was similarly faced with an opposed motion to amend an answer to include an additional affirmative defense.  In that case, the court noted that the request to amend was timely and, while a futility argument was advanced, the court explained that it was "not in a position at this time to weigh the evidence and determine whether the defense is factually supported." <u>Id.</u>  This Court is in a similar position based on the procedural posture of this case. As Sullivan concedes, the fact intensive inquiry of applying FLSA exemptions is better suited for the dispositive motions stage, where both parties have the opportunity to present evidence for the Court's consideration. The Court  accordingly grants the Motion to Amend.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Defendant Resource Solutions Tampa, Inc.'s Motion for

6

Leave to Amend its Answer (Doc. # 26) is **GRANTED.**

(2)   Defendant is authorized to file its Amended Answer (Doc.

# 26-1), separate and apart from its Motion to Amend and

as a separate document, on or before April 2, 2015.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>25th</u>

day of March, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

7