UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARMEN SULLIVAN,

    Plaintiff,

v.                             Case No. 8:14-cv-2918-T-33JSS

RESOURCE SOLUTIONS TAMPA, INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Approve Settlement Agreement (Doc. # 61), which was filed on July 2, 2015. The Court grants the Motion for the reasons that follow.

**I. Background**

Plaintiff Carmen Sullivan filed a Fair Labor Standards Act Complaint against her former employer, Defendant Resource Solutions Tampa, Inc., on November 21, 2014. (Doc. # 1). Thereafter, Plaintiff filed an Amended Complaint on January 20, 2015, in which she contended that Defendant violated the FLSA by failing to pay overtime wages, minimum wages, and also claimed that Defendant made unlawful deductions from her pay. (Doc. # 11). Defendant filed an Amended Answer and Affirmative Defenses on April 1, 2015. (Doc. # 40).

The parties mediated the case with Mark Hanley, Esq. on March 11, 2015, which resulted in an impasse. (Doc. # 28). However, on June 17, 2015, the parties advised the Court that

they reached a settlement. (Doc. # 55). The parties seek an Order approving their settlement and dismissing this case with prejudice.

## II. Analysis

Plaintiff alleges that Defendant violated the provisions of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Plaintiff will be paid $5,000.00 for unpaid wages and $5,000.00 in liquidated damages, and her attorneys will be paid $20,000.00 in fees and costs. (Doc. # 61 at 2).

In the Motion, the parties represent that the attorneys' fees and costs were negotiated separately from the amount to be paid to Plaintiff for unpaid wages and liquidated damages. (<u>Id.</u> at 5). The parties underscore that the settlement "was the result of an arm's-length adversarial negotiations process" and highlight that "this case was heavily litigated right up through discovery and the pre-trial stages." (<u>Id.</u>). At the time of the settlement, cross motions for summary judgment were pending and Plaintiff's counsel represent that they "incurred over twice the amount of fees they are actually seeking to recover." (<u>Id.</u>). Pursuant to <u>Bonetti v. Embarq</u>

Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1]  The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Joint Motion to Approve Settlement Agreement (Doc. # 61) is **GRANTED**.

(2) The parties' settlement is approved.

(3) This case is dismissed with prejudice.

(4) The Motions for Summary Judgment (Doc. ## 44, 48) are **DENIED AS MOOT.**

(5) The Clerk is directed to close the case.

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>6th</u> day of July, 2015.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record